USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: March 29, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JEFFREY SOUZA NUNES,**

        **Plaintiff,**

-against-

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, ET AL.,**

        **Defendants**

20-CV-1092 (ALC) (SDA)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Pending before the Court is Magistrate Judge Aaron's Report and Recommendation ("R&R") regarding Defendants' New York City District Council of Carpenters and Joiners of America (the "District Council") and its Executive Secretary-Treasurer Joseph Geiger ("Geiger") (together, the "District Council Defendants"); United Brotherhood of Carpenters and Joiners of America ("UBC"); Cord Contracting, Inc. ("Cord Contracting"); and Eurotech Construction Corp. ("Eurotech") (collectively, the "Moving Defendants") motions to dismiss (ECF Nos. 40, 42, 45, 47) Plaintiff Jeffrey Souza Nunes' ("Plaintiff") First Amended Complaint.

For the reasons that follow, I adopt the R&R in full, granting Defendants' motions to dismiss. As Plaintiff included the Second Amended Complaint for the Court's review, and the pleading remains deficient, Plaintiff's leave to amend is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

I assume the parties' familiarity with the factual background and procedural history of this case as laid out in Judge Aaron's R&R.

**Judge Aaron's R&R**

Magistrate Judge Aaron recommend that the Moving Defendants' motions to dismiss be granted, and he further recommended that Plaintiff be granted leave to amend only to the extent of seeking to assert LMRDA claims against the District Council Defendants (excluding LMRDA claims arising out of ratification of the CBA) and seeking to assert a hybrid § 301/DFR claim against the District Council, Cord Contracting and/or Eurotech.

Specifically, as to the District Council Defendants, Judge Aaron found that Defendants' LMRDA claim arising out of ratification of the CBA was time-barred. R&R at 7–8. As to Plaintiff's LMRDA claim regarding his punishment for advocating a strike, Judge Aaron found to the extent that Plaintiff's conduct interfered with the District Council's obligation under the CBA not to strike, Plaintiff's conduct was covered by Section 101(a)(2) proviso, and therefore, Judge Aaron recommended dismissal. *Id.* at 8–9. Next, Judge Aaron found that Plaintiff's allegations regarding the Union Disciplinary Trial were insufficient to adequately allege a violation of LMRDA § 101(a)(5). *Id.* at 10—13. Specifically, Judge Aaron opined that trial procedures were put in place by a court-appointed Review Officer, and the District Council was required to use them; the Affidavit of Anthony Madaio was not improperly admitted as the trial procedures permit the admission of affidavits, and hearsay is admissible in union disciplinary hearings under the LMRDA; the technical rules of evidence are not required in union disciplinary hearings; and Plaintiff's allegations of bias are conclusory. *Id.* Additionally, Judge Aaron found that the LMRDA claims against Defendant Geiger were dismissed for the same reasons. *Id.* at 14–15

As to Plaintiff's DFR claim and Hybrid Section 301/DFR claim under the LMRA, Judge Aaron found that the DFR claim was time barred, and the Hybrid Section 301/DFR claim failed to specify which provision of the CBA Defendants breached, and that the allegations of conclusion were merely conclusory. *Id.* at ¶¶ 13–14.

Regarding UBC's motion to dismiss, Judge Aaron found that Plaintiff failed to address UBC's motion and thus abandoned his claims against UBC. *Id.* at 16. Finally, regarding Cord Contracting and Eurotech's motion to dismiss, Judge Aaron recommended dismissal of the LMRDA claims as they cannot be directed at private employers, and he subsequently recommended dismissal of the hybrid § 301/DFR claim as Plaintiff failed to allege which provisions of the CBA Defendants breached and the allegations of collusion were conclusory. *Id.*

## Plaintiff's Objections

Plaintiff alleges that Judge Aaron did not apply the proper Rule 12(b)(6) standard of review when reviewing his LMRDA claims against the DC Defendants. Specifically, regarding Plaintiff's punishment for advocating a strike, Plaintiff alleges that the analysis should have focused on "whether Nunes made out a facially plausible claim that he [*sic*] being retaliated against for exercising his union right to free speech[.]" Pl.'s Obj. at 3. Additionally, Plaintiff alleges that when reviewing Plaintiff's LMRDA claim regarding the Union Disciplinary Trial, the Court improperly advocated the District Council Defendants' position. Plaintiff alleges that Judge Aaron failed to address Plaintiff's allegations of bias; the Independent Review Officer's approval of the District Council's trial rules is inconsequential when the District Council Trial Rules are inconsistent with Plaintiff's rights under the UBC Constitution; and regarding the Madaio affidavit, that *U.S. v. Int'l Brotherhood of Teamster*s, 315 F.3d 97 (2d Cir. 2003) is inapposite. *Id.* at 4–6.

As to Plaintiff's LMRA claim against the DC, Cord, and Eurotech Defendants, Plaintiff alleges that Judge Aaron's only ground for dismissing his § 301/DFR claim was that Plaintiff failed to specify the provision. *Id.* at 7, 9. In Plaintiff's objections, he states that he provided the CBA for the Court's review, and that he has corrected the pleading deficiency in his Second Amended Complaint. Finally, as to Defendant Geiger, Plaintiff alleges that since he did not fail to state a

claim against the District Council Defendants under the LMRDA, the Court's recommendation that Geiger should be dismissed should not be adopted.

Plaintiff does not object to Judge Aaron's recommendation of dismissal of his claims against UBC; the dismissal of his LMRDA claims against the District Council Defendants arising out of ratification of the CBA; the dismissal of his DFR claims against the District Council Defendants; or the dismissal of his LMRDA claims against Cord Contracting and Eurotech.

## LEGAL STANDARDS

### I. Reviewing the R&R

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by a magistrate judge in an R&R. 28 U.S.C. § 636(b)(1). Where a party timely and specifically objects, the court conducts a *de novo* review of the contested portions of the R&R. "However, 'when a party makes only conclusory or general objections, or simply reiterates his original arguments,' the court reviews the report and recommendation strictly for clear error." *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17 Civ. 6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020) (quoting *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014))."

"In addition, 'new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.'" *Id.* at *3 (quoting *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)).

## II. Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### III. LMRDA Claims

#### i. Punishment for Advocating a Strike

Plaintiff objects to Judge Aaron's findings regarding his LMRDA claim for advocating a strike and the Union Disciplinary trial. Section 101(a)(2) of the LMRDA provides that "[e]very member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, argument, or opinions; and to express at meetings of the labor organization his views. . . ." 29 U.S.C. § 411(a)(2).1 "Section 101(a)(2) protects union members from direct interference with union membership rights in retaliation for their expression of opinions concerning union activities." *Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.,* 152 F.3d 178, 183 (2d Cir. 1998) (citing *Cotter v. Owens*, 753 F.2d 223, 228 (2d Cir. 1985)).

Section 101(a)(2), however, contains a proviso, which states that "nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations." 29 U.S.C. § 411(a)(2).

While Plaintiff alleges that the inquiry should have been whether he was retaliated against, not whether the proviso applied to his conduct, the Court finds this argument to be without merit. Several cases have considered whether the proviso applied to a Plaintiff's conduct as an initial inquiry. *See United Steelworkers of America, AFL-CIO-CLC v. Sadlowski*, 457 U.S. 102, 111, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982); *see also Andraszek v. Rochester Tel. Workers*, 246 F. Supp. 2d 174, 177 (W.D.N.Y. 2003; *Messina v. Loc. 1199 SEIU, Nat'l Health & Hum. Serv. Emps.*

*Union, AFL-CIO*, 205 F. Supp. 2d 111, 123 (S.D.N.Y. 2002); *Bernstein v. Nolan*, No. 90 Civ. 3213, 1990 WL 91728, at *6 (S.D.N.Y. June 28, 1990).

Therefore, I agree with Judge Aaron's conclusion that Plaintiff's conduct, advocating a strike, fell within the proviso to LMRDA § 101(a)(2) as the CBA contained a no strike provision. *See U.S. v. International Broth. of Teamsters*, 938 F. Supp. 224 (S.D.N.Y. 1996). Although the LMRDA guarantees members of labor organizations the right to meet and assemble freely with other members, this right is not absolute because LMRDA specifically reserves for labor unions the right to enforce reasonable rules as to responsibilities of every member toward the organization and to sanction its members for conduct that would interfere with its performance of its legal or contractual obligations. *Id.* Therefore, Plaintiff has failed to state a claim under LMRDA § 101(a)(2) and his claim regarding punishment for advocating a strike must be dismissed.

    **ii.**     **Union Disciplinary Trial**

Plaintiff objects to Judge Aaron's recommendation dismissing his LMRDA claim for violations at his union disciplinary trial. "Union proceedings need not incorporate the same procedural protections found in criminal proceedings in order to satisfy the LMRDA, but 'the basic principles of due process' must be in place." *Gillen v. Int'l Bhd. of Teamsters*, 341 Fed. Appx. 728, 730 (2d Cir. 2009) (summary order) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F. 3d 370, 385 (2d Cir. 2001)). "'The full and fair hearing' aspects of the LMRDA require only that the basic principles of due process be provided in union disciplinary proceedings, rather than the full list of protections afforded, for example, in federal judicial proceedings." *Sampson v. Dist. Council of N.Y.C. & Vicinity of the United Bhd. of Carpenters & Joiners of Am.*, No. 10 Civ. 8120, 2012 WL 4471535, at *6 (S.D.N.Y. Sept. 27, 2012) (citing *Int'l Bhd. of Teamsters*, 247 F.3d at 385–86).

### A. Trial Procedures

Plaintiff objects to Judge Aaron's conclusion that the trial procedures were not in conflict with the UBC Constitution, stating that the Trial Procedures cannot negate his guaranteed rights under the UBC Constitution. *See* Pl.'s Obj. at 5. Plaintiff provides no support for his objection, nor does Plaintiff provide any support to demonstrate that the District Council violated his rights by following trial procedures that were put in place by a court-appointed Review Officer under a Consent Decree. *See* Seventh Interim Report of Review Officer, 90-CV-05722 ECF No. 1440-1, at 33; *see also* Trial Procedures, 90-CV-05722, ECF No. 1440-16. The District Council is required to use these trial procedures per the consent decree; therefore, Plaintiff's LMRDA claim based on the use of trial procedures must be dismissed.

### B. Affidavit of Anthony Madaio

Plaintiff objects to Judge Aaron's finding that the affidavit was not improperly admitted. Plaintiff states that the UBC's constitution guarantees a carpenter the right to cross examine witnesses, and that even if the affidavit was properly received, the District Council Trial Procedures called for an instruction that it be accorded less weight than live testimony. See Pl.'s Objections at 6–7.

Section 101(a)(5)(C) of the LMRDA "does not require that union disciplinary hearings incorporate the specific protections associated with judicial proceedings, including the right to be represented by counsel and the technical rules of pleading, procedure, and evidence." *Frye v. United Steelworkers of Am.*, 767 F.2d 1216, 1224 (7th Cir.), cert. denied, 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 461 (1985), cited in *United States v. IBT ("Kikes")*, 88 Civ. 4486, 2007 WL 2319129, at *4 (S.D.N.Y. Aug. 9, 2007).

Section 101(a)(5) was not designed "to constitute an invitation to the courts to intervene at will in the affairs of unions" but rather to provide a member subject to discipline with procedural safeguards to prevent "abusive and unjust exercises of union authority." *Georgopoulos v. Int'l Bhd. of Teamsters*, 942 F. Supp. 883, 894–95 (S.D.N.Y.1996) (citations omitted). Unions have a substantial and important interest in creating their own rules to maintain internal discipline, and accordingly the Act requires only the basic concepts of due process in disciplinary hearings. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d at 385; *Sadlowski*, 457 U.S. 102 at 117 ("[Congress] believed that only essential standards should be imposed by legislation, and that in establishing those standards, great care should be taken not to undermine union self-government.")

The Court first notes that hearsay evidence may be admitted in disciplinary hearings against union officials, provided that it is reliable. *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 838 F. Supp. 800, 815 (S.D.N.Y. 1993), aff'd sub nom. *United States v. IBT*, 33 F.3d 50 (2d Cir. 1994). Regarding the UBC Constitution guaranteeing Plaintiff a right to cross examine witnesses. "A violation of a procedural provision of a union's constitution is actionable only if the violation deprived the party of a full and fair hearing under the LMRDA." *Int'l Bhd. of Teamsters*, 247 F.3d at 387; *see also Green v. Brigham*, No. 03 CV 5190, 2005 WL 280327, at *8 (E.D.N.Y. Feb. 3, 2005) (finding "[t]echnical violations of a union's constitution, including those concerning trial procedures, do not necessarily amount to a due process violation; *Caloumeno v. McGowan*, 668 F. Supp. 322, 326 (S.D.N.Y. 1987) ("An action may not be brought under the LMRDA merely to enforce a union's internal rules or procedures," but rather a failure by a defendant to follow its internal rules only if the plaintiff "can show that such failure either severely handicapped the preparation and presentation of his defense, or seriously increased the danger of an erroneous determination."). Plaintiff has failed to allege

facts sufficient to demonstrate that the failure to allow cross examination or to give an instruction according the affidavit less weight than live testimony seriously increased the danger of an erroneous determination. The Court therefore agrees with Judge Aaron's recommendation that this portion of Plaintiff's LMRDA claim must be dismissed.

### C. Trial Committee Bias

Plaintiff next objects to Judge Aaron's finding that a restatement of Plaintiff's First Amended Complaint allegations was insufficient to demonstrate bias. Plaintiff alleges that he merely had to allege facts, not make a showing that there was bias. The Court disagrees. Plaintiff had to do more than restate the allegations in his First Amended Complaint to make out a claim of bias. *United States v. IBT ("Simpson"),* 931 F. Supp. 1074, 1106 (S.D.N.Y.1996) *aff'd* 120 F.3d 341, 347–348 (2d Cir.1997) (a claim of bias cannot be supported under any reasonable standard where there is a tenuous chain of inferences without any supporting evidence.); *Frye,,* 767 F.2d at 1225 (". . . charges that bias undermined the fairness of a disciplinary hearing must be supported by specific factual allegations from which the operation of bias can be inferred."); *Yager v. Carey,* 910 F.Supp. 704, 715 (D.D.C.1995) *aff'd,* 1998 U.S. App. LEXIS 1984, 159 F.3d 638 (D.C.Cir.1998) (". . . specific factual allegations that show the panelists were incapable of hearing plaintiff's case impartially" are necessary to demonstrate an LMRDA violation) (citations omitted); *IBT ("Kikes"),* 2007 WL 2319129, at *5 (citing *Frye*, 767 F.2d at 1225) (allegations which are mere conclusory assertions "fall far short of the 'specific factual allegations of bias' required for this Court to find a LMRDA violation.").

Additionally, the Court notes that "courts have been reluctant to rule that personal bias or political enmity alone renders a hearing unfair." *Rowan v. Laborers Int'l Union of N. America*, 10 CV 3855, 2012 WL 3203046, at *15 (E.D.N.Y. Aug. 3, 2012) (quoting *Perry v. Int'l*

*Longshoremen's Ass'n, AFL-CIO*, 638 F. Supp. 1441 (S.D.N.Y. 1986)). As Judge Aaron found, Plaintiff's conclusory allegations fall short of demonstrating a LMRDA violation for bias. Therefore, Plaintiff's LMRDA claim must be dismissed.

### IV. LMRA Claims

#### i. Hybrid Section 301/DFR Claim

Plaintiff alleges that Judge Aaron's only ground for dismissing his § 301/DFR claim was that Plaintiff failed to specify the provision. In Plaintiff's objections, he states that he provided the CBA for the Court's review, and that he has corrected the pleading deficiency in his Second Amended Complaint. Plaintiff misreads Judge Aaron's opinion. There, Judge Aaron found that Plaintiff failed to allege in the First Amended Complaint which provision of the CBA the Defendant employers breached, and that Plaintiff's allegations of collusion were conclusory. *See* R&R at 13–14; 14 n. 13.

Plaintiff's Second Amended Complaint, which he attached to his objections, fails to cure this pleading deficiency. While Plaintiff included the CBA provisions that the Defendant employers allegedly violated (See Second Am. Compl. at ¶¶ 96–97), Plaintiff's allegations of collusion are still conclusory. *See* Second Am. Compl. Plaintiff states "When DC learned Nunes was on the job, Commodore in collusion with DC, terminated him[];" "When DC learned Nunes was on the job, American Wood, in collusion with DC, terminated him[];" "When DC learned Nunes was on the job, Jonathan Metal in collusion with DC, terminated him[];" "When DC learned Nunes was on the job, Eurotech in collusion with DC, terminated him[];" "When DC learned Nunes was on the job, Cord Contracting, in collusion with DC, terminated him[.]" Plaintiff's allegations here, merely stating that there has been collusion, without more, is insufficient to state

a claim under the LMRA. Therefore, Plaintiff's Hybrid Section 301/DFR claims are dismissed against the District Council, Cord Contracting, and Euro Tech.

### V.     Leave to Amend

Plaintiff's attached Second Amended Complaint fails to cure the pleading deficiencies identified in Magistrate Judge Aaron's Report and Recommendation. Plaintiff fails to allege any specific allegations of collusion and merely adds what CBA provision Defendants breached. Granting plaintiff any additional leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting where amendment would be futile, denial of leave to amend is proper.) Plaintiff "has had multiple opportunities to allege sufficient specific facts to render his claims plausible," including in his original complaint, the First Amended Complaint, and the Second Amended Complaint. *Williams v. Calderoni*, No. 11 Civ. 3020, 2012 WL 691832, at *8 (S.D.N.Y. 2012). "[L]eave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless." *Harris v. Westchester Cty. Med. Ctr.*, No. 08 Civ. 1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011) (quoting *Treppel v. Biovail Corp.*, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005)); *Fortis Bank S.A./N.V. v. Brookline Fin. LLC*, No. 10 Civ. 894, 2011 WL 1642468, at *2 (S.D.N.Y. Apr. 27, 2011) (denying leave to amend the pleadings as futile where plaintiff would have been afforded two bites at the proverbial apple). *See also Al-Qadaffi v. Servs. for the Underserved (SUS*), No. 13 Civ. 8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where the plaintiff "has already had one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"); *Best v. City of New York*, No. 12 Civ. 7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (denying leave to amend where plaintiff had already been given two opportunities to do so, and noting that "the Court can only afford [plaintiff] so many bites at the apple"). Without a

compelling reason to do so, which plaintiff has not proffered, the Court will not grant Plaintiff an opportunity to amend his complaint.

## CONCLUSION

I have reviewed *de novo* the contested portions of the R&R and the remainder for clear error. For the reasons provided above, I adopt Magistrate Judge Aaron's thorough and well-reasoned R&R in full, granting Defendants' motions to dismiss. ECF Nos. 40, 42, 45, 47. As Plaintiff included the Second Amended Complaint for the Court's review, and the pleading remains deficient, Plaintiff's leave to amend is denied.

**Dated**: **March 29, 2021**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**